
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA CUNA DE AZTLAN SACRED SITES PROTECTION CIRCLE ADVISORY COMMITTEE; CALIFORNIANS FOR RENEWABLE ENERGY; ALFREDO ACOSTA FIGUEROA; PHILLIP SMITH; PATRICIA FIGUEROA; RONALD VAN FLEET; CATHERINE OHRIN-GREIPP; RUDY MARTINEZ MACIAS; GILBERT LEIVAS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants - Appellees. | No. 13-56799 <br><br> D.C. No. 2:11-cv-00400-DMG-DTB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 10, 2015
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD, BENAVIDES,[**] and CLIFTON, Circuit Judges.

Plaintiffs-Appellants La Cuna De Aztlan Sacred Sites Protection Circle Advisory Committee, CAlifornians for Renewable Energy, Alfredo Acosta Figueroa, Patricia Figueroa, Phillip Smith, Ronald Van Fleet, Catherine Ohrin-Greipp, Rudy Martinez Macias (now deceased), and Gilbert Leivas brought this suit against the U.S. Department of the Interior, as well as Solar Partners I, LLC; Solar Partners II, LLC; Solar Partners VIII, LLC; and BrightSource Energy, Inc. The instant appeal arises from a denial of Plaintiffs' motion for summary judgment and grant of Defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment *de novo* and we "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *see* FED. R. CIV. P. 56(a).

While the initial suit included numerous claims, the only claim on appeal is under the Religious Freedom Restoration Act ("RFRA"). To establish a *prima facie* RFRA claim, a plaintiff must allege two elements: "First, the activities the plaintiff claims are burdened by the government action must be an 'exercise of

[**] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

religion.' . . . Second, the government action must 'substantially burden' the plaintiff's exercise of religion." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008) (en banc) (internal citation omitted). This appeal hinges on the second element, and specifically whether denial of Plaintiffs' access to the Ivanpah Solar Electric Generating System ("Ivanpah Project") site imposes a substantial burden on the exercise of religion within the meaning of RFRA. If a *prima facie* claim has been established, the "Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person[] (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). The district court did not rule on the compelling interest part of the test, and we decline to do so as well. This appeal hinges on whether Plaintiffs have met the substantial burden requirement.

We conclude that the record, which includes declarations submitted by the Plaintiffs that provide little more than conclusory statements and which have not shown where the alleged sacred sites are located at the Ivanpah Project site, is insufficient to support Plaintiffs' claim that the loss of access to the limited area taken by the Ivanpah Project imposes a substantial burden. Viewing the evidence in the light most favorable to the Plaintiffs, the Plaintiffs have not shown that they are either "forced to choose between following the tenets of their religion and

receiving a governmental benefit," or "coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions" as this court requires to establish a substantial burden under RFRA. *Navajo Nation*, 535 F.3d at 1069-70.

**AFFIRMED.**